IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHALEEN BURNETT, | ) | CASE NO. 8:07CV434 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NAGL MANUFACTURING, NORM FREDRICKSON, JUNE JONES, and RICHARD KEETEN, | ) ) ) | |
| | ) | |
| Defendants | ) | |

Plaintiff filed her Complaint in this matter on November 13, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on November 13, 2007, against four Defendants, Nagl Manufacturing, Norm Fredrickson, June Jones, and Richard Keeten. (Filing No. 1 at CM/ECF p. 1.) In addition to the Complaint, Plaintiff also filed nearly 50 pages of additional information, which Plaintiff refers to as "exhibits" and "evidence."

Condensed and summarized, Plaintiff's allegations relate to a previous action in this court in which she pursued claims against Defendants for employment discrimination. (*Id.* at CM/ECF p. 7.) In that previous action, the court granted summary judgment in favor of Defendants on all of Plaintiff's claims. (*See* Case No. 05CV109, Filing Nos. 112 and 113.) Plaintiff thereafter appealed the court's ruling to the Eighth Circuit Court of Appeals, which affirmed the judgment. (*See* Case No. 05CV109, Filing Nos. 114 and 121.)

Plaintiff now claims that Defendants "committed perjury against" her in their filings with the Eighth Circuit. (Filing No. 1 at CM/ECF p. 2.) Specifically, Plaintiff alleges that "a crime has been committed against" her, and sets forth examples from Defendants' briefs and letters which Plaintiff claims are either misleading or untrue. (*Id.* at CM/ECF pp. 7-10.) Plaintiff seeks a "judgment" from the court that Defendants committed perjury, but does not specify any other requested relief. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints prior to service of summons. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). It is clear from Plaintiff's allegations that all of the parties are residents of Nebraska. There is no diversity of citizenship and it therefore cannot be a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construing her allegations, Plaintiff seeks relief under the federal perjury statute. *See* 18 U.S.C. § 1621. As set forth in that statute, perjury is a crime and persons convicted of perjury are subject to fines, imprisonment, or both. *See* 18 U.S.C. § 1621. However, there is no federal civil remedy for perjury. *See Smith v. Fenner*, No. 98-CV-1887, 1999 WL 592663, *2 (Aug. 6, 1999 N.D. Tex.) (dismissing claim for no subject matter jurisdiction because federal civil claim for perjury does not exist); *see also Roemer v. Crow*, 993 F. Supp. 834, 836-37 (D. Kan. 1998) (dismissing claims as frivolous because 18 U.S.C. § 1621 "is a criminal statute which does not provide a civil right of action for damages").

There is no federal civil remedy for perjury. Plaintiff cannot obtain the relief she seeks under the federal perjury statute. Plaintiff has not set forth any other claims which relate to federal statutes or violations of the United States Constitution.[1] This court does not have subject matter jurisdiction over Plaintiff's claims and the Complaint must therefore be dismissed. However, the court will dismiss Plaintiff's claims without prejudice to reassertion in an appropriate forum.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' claims are dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this memorandum and order.

DATED this 25th day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] Plaintiff's attachments to her Complaint discuss the previous employment discrimination claims, over which this court had subject matter jurisdiction. However, Defendants obtained a judgment in their favor on all of those claims and the Eighth Circuit affirmed the judgment. (*See* Case No. 05CV109, Filing Nos. 112-114.) The court will not revisit those claims here, nor does the Complaint set forth any claim suggesting that the court do so.